# NO. 12-21-00046-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CONNIE L. BRADLEY, ROBERT LYNN BRADLEY, INDIVIDUALLY AND IN THE CAPACITY AS TRUSTEE OF L. L. B., A MINOR, JAMES COLE BRADLEY, JOSHUA EARL BRADLEY, AND LUCAS WILLIAM BRADLEY, APPELLANTS* | § | *APPEAL FROM THE 173RD* |
| | § | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| *JAMES DENNIS MENIKETTI, TRUSTEE OF THE VICTOR T. MENIKETTI AND DOROTHY D. MENIKETTI TRUST, APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

For two reasons, this appeal is being dismissed. *See* TEX. R. APP. P. 42.3(c). First, a party who is not excused by statute or the appellate rules from paying costs must pay--at the time an item is presented for filing--whatever fees are required by statute or Texas Supreme Court order. TEX. R. APP. P. 5; *see* TEX. R. APP. P. 20.1. An appellate court may enforce Rule 5 by any order that is just. TEX. R. APP. P. 5. After giving ten days' notice, an appellate court may dismiss an appeal because the appellant failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. TEX. R. APP. P. 42.3(c).

On March 31, 2021, Appellants, Connie L. Bradley, Robert Lynn Bradley, individually and as trustee for L.L.B., a minor, James Cole Bradley, Joshua Earl Bradley, and Lucas William Bradley, were notified that the filing fee in this appeal is due and that the appeal would be

subject to dismissal if the fee was not paid on or before April 12.[1] *See* TEX. R. APP. P. 5. The date for remitting the filing fee passed, and Appellants have not responded to this Court's notice, paid the filing fee, or otherwise shown that they are excused from paying the fee.[2]

Second, under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the judgment is signed or within ninety days after the judgment is signed if any party timely files a motion for new trial, a motion to modify the judgment, a motion to reinstate, or a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court. TEX. R. APP. P. 26.1. Appellants filed a joint notice of appeal from a judgment signed on February 12, 2021. Appellants did not file a motion for new trial, other post-judgment motion, or request for findings and conclusions; thus, Appellants' notice of appeal was due on or before March 15. Appellants filed their notice of appeal on March 30, making it untimely.

Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. Appellants' motion for extension of time was due no later than March 30, yet Appellants did not file a motion for extension until March 31.[3]

On April 7, this Court notified Appellants that the information received in this appeal does not show the jurisdiction of this Court, i.e., there is no timely notice of appeal. *See* TEX. R. APP. P. 26.1, 37.1. Nevertheless, Appellants were further notified that, pursuant to Rule 26.3 and *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex. 1997), we would imply a motion to extend time for filing the notice of appeal. We informed Appellants that Rule 26.3 requires a motion complying with Rule 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3(b). Thus, we notified Appellants that the appeal would be dismissed for want of jurisdiction unless on or before April 19, Appellants informed this Court, in writing, of facts that reasonably explained the need for an extension of

---

[1] The case information sheet from the Henderson County District Clerk's Office reflects that Appellants were not declared indigent in the trial court.

[2] We also note that, pursuant to Rule 32.1, Appellants' docketing statement was due to have been filed promptly upon filing of the notice of appeal, i.e., March 30. On March 31, this Court requested that Appellants file a docketing statement within ten days if they had not already done so. Appellants did not file the docketing statement as requested.

[3] Appellants' counsel explains that he was unable to timely file the notice of appeal for various reasons, including a fall and concussion suffered by his wife, counsel's own ill health, a "week of historically bad weather," and additional time lost between March 10 and 16 when counsel traveled out of state to attend his daughter's wedding.

time to file the notice of appeal. *See* TEX. R. APP. P. 42.3. This deadline expired without a motion in accordance with *Verburgt* or other response from Appellants.

This Court is not authorized to alter the time for perfecting an appeal in a civil case. *See* TEX. R. APP. P. 2. Because Appellants' motion for extension of time was not timely filed and because Appellants did not respond to this Court's April 7 *Verburgt* notice, we cannot exercise jurisdiction over the appeal. *See Lasater v. Thompson*, No. 02-20-00290-CV, 2021 WL 386957, at *1 (Tex. App.—Fort Worth Feb. 4, 2021, no pet. h.) (mem. op.) (absent timely filed notice of appeal or extension request, appellate court lacks jurisdiction).

Accordingly, the appeal is *dismissed in part* for failure to comply with Rule 5 and *dismissed in part for want of jurisdiction*.

Opinion delivered April 28, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 28, 2021**

**NO. 12-21-00046-CV**

**CONNIE L. BRADLEY, ROBERT LYNN BRADLEY, INDIVIDUALLY AND IN THE CAPACITY AS TRUSTEE OF L. L. B., A MINOR, JAMES COLE BRADLEY, JOSHUA EARL BRADLEY, AND LUCAS WILLIAM BRADLEY,**
Appellants
V.
**JAMES DENNIS MENIKETTI, TRUSTEE OF THE VICTOR T. MENIKETTI AND DOROTHY D. MENIKETTI TRUST,**
Appellee

---

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. CV18-0407-392)

---

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed in part for failure to comply with the rules of appellate procedure and dismissed in part for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*